UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER J LONG,

        Plaintiff,

  v.                                              Case No. 12-C-974

DENNIS D. GITTER, et al.,

        Defendants.

**ORDER DENYING MOTION TO REMAND**

        On August 16, 2012, plaintiff, Peter Long, filed suit against Defendants Dennis Gitter and the Neenah Police Department in Wisconsin Circuit Court alleging various violations of Wisconsin and federal law. Thereafter, defendants removed the matter, pursuant to 28 U.S.C. § 1441, to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. In his complaint, Long pleads federal grounds for relief based on alleged violations of the Americans with Disabilities Act, the 1st, 4th, 5th, 8th, and 14th Amendments to the U.S. Constitution, 28 U.S.C. §§ 1981-1988, and victim crime rights protected under federal law. (Compl. ¶¶ 5-10, 12-14, ECF No. 1-2.) Because Long has pled grounds for relief based on federal law, this Court has subject-matter jurisdiction under § 1331 and thus, removal under § 1441 is proper. Furthermore, this Court has supplemental jurisdiction over Long's state law claims pursuant to 28 U.S.C. § 1367(a). Before me now is Long's motion to remand to Wisconsin state court.

        Long, in his motion to remand, states that he "voluntarily strikes/withdraws any reference to civil rights." Even were Long to voluntarily dismiss his federal claims, this is not sufficient to

defeat subject-matter jurisdiction. *See Gossmeyer v. McDonald*, 128 F.3d 418, 487-88 (7th Cir. 1996) (citing *Wellness Community Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir.1995); *Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir.1988)). "[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed*." *Id.* at 487 (citing *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir.1994)) (emphasis in original).

Long's motion to remand must be denied because at the time Defendants' petition for removal was filed, this Court had subject-matter jurisdiction over Long's federal claims. However, Long may file a motion to voluntarily dismiss with prejudice his federal claims. After voluntary dismissal of Long's federal claims, this Court will have discretion to either dismiss without prejudice or remand Long's state law claims. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

At the time Defendants removed this matter to federal court, this Court had subject-matter jurisdiction under 28 U.S.C. § 1331 over Long's federal claims and supplemental jurisdiction under 28 U.S.C. § 1367(a) over Long's state law claims. Consequently, Long's motion to remand this matter to state court is **DENIED**.

Dated this   4th   day of October, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

2